Larremore, C. J.
reading the opinion of the After learned judge, who confirmed the report in this proceeding ■at special term (reported 19 Abbott’s New Oases, 92), and the opinion of the learned referee therein, it would be an .act of supererogation on my part to further discuss the main questions involved.
*120 .1 could only go over the same ground which they have covered without showing any more clearly than they have' done, that the results arrived at are correct. I have only, therefore, to announce my concurrence in the conclusions:
First. That, as far as real estate is concerned, judgment-creditors will acquire liens thereon in the order in which their judgments were docketed, and that this priority will not be disturbed or affected by the order in which equity suits are brought to set aside a fraudulent assignment, affecting such real estate.
Second. That suits in equity to set aside a fraudulent assignment or conveyance may enure for the benefit of such judgment-creditors by removing an apparent obstacle in the way of enforcement of their legal rights, but that such an equity suit, even though resulting in a judgment setting the assignment aside, creates no specific lien upon real estate, as it might upbn purely equitable assets or upon personal property.
Third. That judgment-creditors will retain their liens, and may enforce the same in the order of the docket, refardless of the fact that junior judgment-creditors have een more diligent in commencing equity suits and in obtaining therein decrees adjudging the assignment void; and that a decree simply adjudging the assignment void, will be construed to operate in aid of the judgment and not as a waiver of the legal lien by such judgment secured.
The only question upon which the judge at special term expressed any doubt was that concerning the dower of Regina Mayer, the mortgagor’s wife. This matter he apparently sent to the general term for final decision, confirming however, the report upon that point as upon all others. In this we think he did not err. The learned referee cites many cases to the effect that the wife of a mortgagor is dowa ble of the surplus moneys, even though she has joined in the mortgage, and we agree with the judge at special term that the claim of the wife is supported by the weight of authority. Dower is justly one of the estates most favored by the law, and the tendency of adjudication has always been to preserve it for the wife, if this may be done on any tenable theory. A case in the state of Delaware (Ingram v. Morris, 4 Har., 111), affords perhaps, an extreme instance of this disposition on the part of the courts. The law undoubtedly is that a judgment against a husband recovered after marriage will be a lien, not superior but subordinate to the wife’s inchoate right of dower. But in that case the judgment was entered on the same day as the marriage, and it was held that the dower was a prior lien to the judg *121 ment, it not actually appearing which in fact occurred first, the marriage or the docketing of the judgment.
The surplus moneys, according to fiction of law continue-land and subject to its incidents after the sale, and we think there is every reason why dower should attach thereto in the same manner that judgments do. Nor do we find any serious embarrassment in the fact that the clause in the mortgage in which the wife joined, stipulated that the-surplus, if any, should be paid to the husband or those claiming under him.
The wife might have agreed that such surplus be paid to her husband without agreeing that he become the absolute-owner of the whole of it. The effect of the clause is, and was intended to be, to relieve the mortgagee from the burden of ascertaining to whom the surplus belongs, and the responsibility for its proper distribution. As a matter of - fact, the law of this state steps in and exonerates all persons-from this responsibility, by making the distribution under fixed rules of practice.
The contention that the clause in question operates to-vest the surplus moneys in the husband as his sole property cannot prevail, because it would in effect nullify a well know principle of law for the wife’s benefit.
A wife may not convey or release her inchoate right of dower to her husband directly, though she may by joining with him in a conveyance release it to his grantee. If, in a case where the husband had no judgment creditors, the surplus moneys became his sole property through the clause in question in the mortgage, it would be in effect releasing the wife’s inchoate right of dower directly to her husband by the combined efficacy of an instrument in writing and a foreclosure suit. Furthermore, where there-are creditors it would be enabling those whose judgments were docketed after the marriage to entirely over-ride the wife’s right of dower, thus reversing a well settled rule in this respect above referred to. If one will keep in mind that in contemplation of law the surplus monies are still real estate, any argument against the wife’s right may be effectually answered.
Nor do we share in the doubt of the learned judge as to whether or not such a claim can be entertained in surplus proceedings. He was of opinion “that only such claims can be enforced as are vested interests in the land or hens-upon it which have been cut off by foreclosure.”
In one sense dower is a vested interest in the land. It is-subject to being divested by death or divorce, but the-interest is ascertained, and the exact person to take the-interest upon the happening of a certain event (the husband’s. *122 death), is also ascertained, and it is, therefore, not an abuse of legal terminology to speak of it as a vested interest.
Still, aside from this consideration, a wife's right of dower is not an interest with which .the courts are disposed to be technical. The powers of referees in surplus proceedings during recent .years have been greatly enlarged by adjudications in the court of appeals, and the tendency seems to be to have all questions affecting the ownership of or rights in the surplus monies finally determined on the merits in the surplus pi oceedings. Unless the wife’s claim can be considered and allowed here, it will be quite effectually barred forever, that is, if the other alternative the learned judge had in mind was to pay all the money over to the judgment creditors. We think there can be no -doubt as to the wifé’s right to be endowed of this surplus, and to hold that her claim may not be asserted in this proceeding would be to concede that she has a legal right, yet deny her any effective remedy to enforce it.
The order confirming the referee’s report must be affirmed.
Daly and Van Hoesen, JJ., concur.